```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                 HOT SPRINGS DIVISION
```

LAUREN DEDEAUX                                          PLAINTIFF

         v.                    Civ. No. 09-6099

R. J. REYNOLDS
TOBACCO COMPANY                                         DEFENDANT

### MEMORANDUM OPINION AND ORDER

Plaintiff Lauren Dedeaux filed a Complaint (Doc. 1) on October 19, 2010, naming "RJ Reynolds American Inc." the Defendant.[1] Plaintiff alleged that she was discriminated against on the basis of her age and disability. Plaintiff asserted claims under the Age Discrimination in Employment Act ("ADEA")as amended, 29 U.S.C. § 621 *et seq.*; Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*; disability harassment and hostile workplace, Tort of Outrage, and wrongful termination in violation of Arkansas common law and public policy.

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's State law claims is proper pursuant to 28 U.S.C. § 1367. Venue is proper in the Western District of Arkansas under 28 U.S.C. § 1391, as a

---

[1] The Court changed the caption to reflect Defendant's accurate name; the misnomer issue is addressed below.

substantial part of the events or omissions giving rise to the claims occurred in this district.

Before the Court are Defendant's Motion for Summary Judgment and supporting documents (Docs. 9-11), Plaintiff's Response to Defendant's Motion for Summary Judgment and supporting documents (Docs. 16-18), and Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 21).

In her Response to Defendant's Motion for Summary Judgment (Doc. 16), Plaintiff seeks to voluntarily dismiss her ADA, Tort of Outrage, and disability claims.  Accordingly, Plaintiff's motion to dismiss these claims will be granted and the claims dismissed.  The remaining claims for consideration on Summary Judgment are Plaintiff's age discrimination claims.

For the reasons discussed below, Defendant's Motion for Summary Judgment (Doc. 9) is **GRANTED, in part, and DENIED, in part**.

I.   **Background**

Plaintiff, who was born on April 16, 1965, began full-time employment as a sales representative/territory manager for Defendant on March 6, 1989.  Plaintiff alleged that on or about

November 2007 through March 2008, she received medical treatment and underwent surgeries for tumors on her spine.

In or around December 2007, Pamela Bratton was assigned as the new Division Manager for Plaintiff's region (Fayetteville Division). Plaintiff alleges while supervised by Bratton, she was subjected to harassing treatment because of her age. Plaintiff alleges the harassment is a part of Defendant's policies to discriminate against older employees. Specifically, Plaintiff alleges Defendant's policies serve the purpose of replacing older employees with younger inexperienced employees who are willing to work for less money and benefits.

On November 24, 2008, in an attempt to evidence the harassment, Plaintiff recorded conversations with Bratton while the two were off company premises. Plaintiff contacted Andrea Garrison in Defendant's human resources department, who learned of the recording and requested a copy. On November 25, 2008, Plaintiff sent Garrison a copy of the recording via email.

On December 16, 2008, Defendant met with Garrison and Defendant's Regional Manager Scott Payne. At the meeting, Plaintiff was delivered her termination letter. Plaintiff's termination letter indicated termination was due to violation of generally accepted standards of business conduct, violation of

HR Policies and Practices General Rule 1.03, and acting in a manner contrary to company values.  Violation of HR Policies and Practices General Rule 1.03 is set out in the employment manual as a terminable offense.

On March 11, 2009, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") charge.  On July 30, 2009, the EEOC issued Plaintiff a notice of right to sue letter.  On October 19, 2010, Plaintiff filed her Complaint (Doc. 1) naming R.J. Reynolds American Inc., as the Defendant.

**II.  Standard of Review**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ.P. 56(c)*.  The court must view the facts and inferences from the facts in the light most favorable to the non-moving party, and the burden is placed on the moving party, to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986);

*Nat'l Bank of Commerce of El Dorado, Arkansas v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999).

Once the moving party has met this burden, the non-moving party may no longer rest on the allegations in its pleadings, but must set forth specific facts by affidavit and other evidence, showing that a genuine issue of material fact exists. *See Fed.R.Civ.P. 56(e); City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988). In order to withstand Defendant's motion for summary judgment, Plaintiff must substantiate his allegations with "sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Gregory v. Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992).

**III. Discussion**

    **A.   Failure to Properly Name Defendant**

Defendant moves the Court to dismiss the Complaint contending Plaintiff sued the wrong company. Throughout the process and pleadings, Plaintiff refers to Defendant as "R.J. Reynolds American, Inc." as opposed to "R.J. Reynolds Tobacco Company". Defendant contends that notices of the error were provided but Plaintiff failed to timely amend her Complaint to correct the misnomer. Plaintiff argues the Court should not

dismiss the action but rather, relying on Rule 21 of the Federal Rules of Civil Procedure, amend the Complaint to add RJ Reynolds Tobacco as the defendant.  Plaintiff sets forth several reasons for the error, and urges the Court to take remedial action.

The Court finds that no harm will result to the Defendant, and finds good cause warranting remedial action.  Pursuant to Rule 15 of the Federal Rules of Civil Procedure, the Court will construe Plaintiff's argument as a motion for leave to amend the Complaint to correct the misnomer, and simultaneously grant the motion.  *See Fed.R.Civ.P. 15*; *see also Roberts v. Michaels*, 219 F.3d 775, 777-78 (8th Cir. 2000)(misnomer principle most appropriate in instances where Plaintiff sues corporation but misnames it).  Accordingly, Defendant will be addressed and referred to as "RJ Reynolds Tobacco Company". *See Id.*

    **B.   Age Discrimination**

Under the ADEA, it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  *29 U.S.C. § 623(a)(1).*  The act applies to "individuals who are at least 40 years of age."  *29 U.S.C. § 631.*  When a plaintiff alleges

disparate treatment, "liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision." *Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993). The plaintiff's age must then have "actually played a role in [the employer's decision making] process and had a determinative influence on the outcome." *Id.*

Plaintiff's claims are based on circumstantial evidence and are therefore analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804 (1973). *Riley v. Lance, Inc*. 518 F.3d 996, 1000 (8th Cir. 2008)(citations omitted). The *McDonnell Douglas* analysis proceeds in three stages. Plaintiff must first present sufficient evidence to establish a prima facie case of age discrimination, thereby creating a legal presumption of unlawful discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). The burden then shifts to Defendant to articulate a legitimate nondiscriminatory reason for the adverse employment action. *Id.* at 506-07. Once Defendant satisfies its burden of production, Plaintiff must establish a question of material fact as to whether the employer's proffered reason was pretextual and that she was the victim of intentional discrimination. *See id.* at 508. Throughout, the burden of persuasion remains with

Plaintiff.  *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981).

To establish a prima facie case, Plaintiff must show: (1) that she was a member of a protected class when she was terminated; (2) that she was otherwise qualified for the position from which she was terminated; (3) that Defendant terminated her; and (4) that her "discharge occurred in circumstances giving rise to an inference of unlawful discrimination. *Rothmeier v. Investment Advisers, Inc.*, 85 F.3d 1328, 1332 n.7 (8th Cir. 1996).

The Court finds that Plaintiff has submitted sufficient evidence to establish a prima facie case for age discrimination. First, Plaintiff was 43 years old when terminated and a member of a protected class under the ADEA.  Second, Plaintiff was otherwise qualified for her position (having worked for Defendant for a significant number of years).  Third, Plaintiff's employment was terminated.  Fourth, the circumstances surrounding Plaintiff's discharge give rise to an inference of unlawful discrimination, e.g., a younger and less experienced employee replaced her. *Keathley v. Ameritech Corp*, 187 F.3d 915, 920-21 (8th Cir. 1999)(citations omitted).

Accordingly, the burden shifts to Defendant to produce evidence that Plaintiff was terminated "for a legitimate, nondiscriminatory reason." *Id.*

To satisfy its burden of production, Defendant has offered evidence of a legitimate, nondiscriminatory reason for terminating Plaintiff, i.e., violation of a terminable offense under company policy by secretly recording her manager. The Court finds that Defendant's proffered reason for terminating Plaintiff is legitimate and nondiscriminatory, i.e., violation of HR General Rule 1.03(6) is a terminable offense.

Accordingly, the burden shifts back to Plaintiff to present evidence that creates a fact issue as to whether the employer's proffered reasons are mere pretext and that the termination was an act of intentional discrimination based upon Plaintiff's age. *Id.* (*citing Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)).

Plaintiff can avoid summary judgment "only if the evidence considered in its entirety (1) created a fact issue as to whether Defendant's proffered reasons are pretextual and (2) created a reasonable inference that age was a determinative factor in the adverse employment decision." *Rothmeier*, 85 F.3d at 1336-37. A plaintiff shows that a reason is pretextual

"directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing the employer's proffered explanation is unworthy of credence." *Texas Dept. Of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

In opposition to Defendant's stated reason, among other points, Plaintiff contends her unauthorized recording did not fall within the confines of Rule 1.03(6) therefore Defendant had no reason to terminate her.  Specifically, Plaintiff argues the recording took place off company premises whereas Rule 1.03(6) is limited to recordings on company premises.  Plaintiff submits that in 2006, Rule 1.03(6) included the "on company premises" limiting language, but by 2010, after Plaintiff's termination, Rule 1.03(6) was amended to remove the limiting language.  In support, Plaintiff points to her termination letter which reflects she was terminated for violation of Rule 1.03, the "unauthorized use of recording devices on the premises of the Company."  (Plaintiff's Ex. 10).

In addition, Plaintiff argues that the purpose of Rule 1.03(6) removes its application to her because it is meant to prevent the unauthorized dissemination of proprietary information.  Plaintiff also argues that even if Rule 1.03(6)

were applicable, her termination is inconsistent with Defendant's policies and history, i.e., a similarly situated employee was not fired for violation of the same conduct. *See Erickson v. Farmland Indus., Inc.*, 271 F.3d 718, 727 (8th Cir. 2001)(Plaintiff can show pretext by proving that an employer did not follow its own policy when terminating the plaintiff).

Defendant argues that at the time of Plaintiff's termination, Rule 1.03(6) was not limited to unauthorized recordings on company premises. Defendant also argues that Rule 1.03(6) was revised months prior to Plaintiff's termination and includes a notation that it was revised on March 1, 2008. (Plaintiff's Ex. 5). Furthermore, Defendant argues that Plaintiff has failed to produce sufficient evidence to establish that similarly situated employees were treated different.

Viewing the evidence, in its entirety, the Court finds Plaintiff has provided sufficient evidence which creates a fact issue as to whether Defendant's proffered reasons are pretextual and a reasonable inference that age was a determinative factor in the adverse employment decision. *Rothmeier*, 85 F.3d at 1336.

Accordingly, Defendant's Motion for Summary Judgment as to Plaintiff's age discrimination claims is DENIED.

**IV. Conclusion**

Based on the foregoing, Plaintiff's motion to dismiss her ADA, tort of outrage, and disability claims is **GRANTED**. Defendant's Motion for Summary Judgment as to Plaintiff's age discrimination claims brought pursuant to the ADEA and State law is **DENIED**.  This matter remains set for trial on November 22, 2010.

IT IS SO ORDERED this 12th day of November, 2010.

> */s/ Robert T. Dawson*
> Honorable Robert T. Dawson
> United States District Judge